IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CURTIS L. DEMBY, | § | |
| | § | |
| Defendant Below- | § | No. 366, 2014 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID No. 9412011308 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: August 8, 2014
Decided: September 29, 2014

Before **HOLLAND**, **RIDGELY**, and **VALIHURA**, Justices.

## O R D E R

This 29th day of September 2014, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)   The appellant, Curtis L. Demby, filed this appeal from the Superior Court's denial of his third motion for postconviction relief, his motion for transcripts, and his motion for appointment of counsel. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the

face of Demby's opening brief that his appeal is without merit.[1]  We agree and affirm.

(2)   The record reflects that, in 1996, a Superior Court jury found Demby guilty of Murder in the First Degree and Possession of a Firearm During the Commission of a Felony ("PFDCF").   On appeal, this Court reversed the convictions and remanded the case for a new trial.[2]  After a new trial in 1998, Demby was again convicted of Murder in the First Degree and PFDCF.  Demby was sentenced to life imprisonment without the possibility of probation or parole on the Murder in the First Degree conviction and twenty years of Level V incarceration on the PFDCF conviction.  This Court subsequently affirmed the judgments.[3]

(3)   Beginning in 2000, Demby filed multiple requests for materials relating to his case, including the trial transcripts.  In a letter dated May 30, 2000, Demby's former counsel informed Demby and the Superior Court that Demby's mother could pick up the trial transcripts at his office.  In a letter dated December 9, 2002, Demby's former counsel informed Demby and the Superior Court that

---

[1] Supr. Ct. R. 25(a).

[2] *Demby v. State*, 695 A.2d 1152 (Del. 1997).

[3] *Demby v. State*, 744 A.2d 976 (Del. 2000).

2

members of Demby's family had previously picked up the trial transcripts from his office and that he had not kept copies of those transcripts.

(4) On January 31, 2003, Demby filed his first motion for postconviction relief. In this motion, Demby alleged ineffective assistance of counsel and prosecutorial misconduct. Although the motion referred to an accompanying memorandum, there was no such memorandum. Demby filed a motion for appointment of counsel on February 27, 2003 and another motion for transcripts on April 1, 2003. After one of Demby's former attorney filed an affidavit responding to Demby's allegations of ineffective assistance and Demby informed the Superior Court that he could not provide the memorandum referred to in his postconviction motion without various materials, the Superior Court summarily denied Demby's motion for postconviction relief on the grounds that his claims were entirely conclusory. The Superior Court also denied Demby's motion for appointment of counsel and his motion for transcripts. Demby did not appeal these decisions.

(5) On July 28, 2006, Demby filed his second motion for postconviction relief. In this motion, Demby claimed he was entitled to relief based on newly discovered evidence relating to one of the jurors and the loss of his trial transcripts during his transfer to a different facility in October 2002. After receiving affidavits from Demby's former counsel and the State's response to the postconviction motion, the Superior Court denied Demby's second motion for

3

postconviction relief. The Superior Court found that Demby's claims were time-barred under Superior Court Criminal Rule 61(i) ("Rule 61") and Demby had not pled a colorable claim of a miscarriage of justice due to a constitutional violation under Rule 61(i)(5). Demby did not appeal this decision.

(6) On February 20, 2014, Demby filed another motion for transcripts. Demby stated that he was indigent and that trial transcripts were necessary to show unspecified *Brady* violations by the State, his trial counsel's ineffectiveness, and prosecutorial misconduct. Demby filed his third motion for postconviction relief on March 18, 2014. In this motion, he claimed that his counsel was ineffective for failing to challenge the State's case sufficiently and failing to appeal the Superior Court's holding that statements he made after his arrest were admissible. Relying on *Martinez v. Ryan*,[4] Demby also filed a motion for appointment of counsel on March 18, 2014. On June 18, 2014, the Superior Court denied Demby's motions.[5] The Superior Court found that Demby's conclusory allegations were time-barred under Rule 61(i)(1) and did not plead a colorable claim of a miscarriage of justice under Rule 61(i)(5). The Superior Court also concluded that Demby's claims would not be aided by transcripts and Demby did not have a right to counsel under *Martinez*. This appeal followed.

---

[4] --U.S.--, 132 S. Ct. 1309, 182 L.E.2d 272 (2012).

[5] *State v. Demby*, 2014 WL 3058382 (Del. Super. June 18, 2014).

4

(7) In his opening brief, Demby only presents arguments in support of his contention that he is entitled to a free copy of his trial transcripts. Demby does not argue the merits of the other claims he raised below and therefore those claims are waived.[6]

(8) Relying on Supreme Court Rule 9(e)(i), which requires the preparation of trial transcripts in all criminal cases where defendants are found guilty of Class A felonies, Demby argues that he has a right to transcripts at State expense and that he should not be required to identify specific legal grounds for why he needs copies of the transcripts at State expense. This reliance is misplaced. It is undisputed that transcripts of Demby's trials were prepared and that Demby's counsel had those transcripts for the appeals of Demby's cases. Although indigent defendants have a right to transcripts at State expense on appeal, they do not have an absolute right to transcripts at State expense on collateral attacks.[7] Absent a showing of good cause, it was within the Superior Court's discretion to deny Demby's request for transcripts at State expense.[8] Given the conclusory and untimely nature of Demby's claims, the Superior Court did not abuse its discretion in denying Demby's motion for transcripts.

---

[6] Del. Supr. Ct. R. 14(b)(vi)(A)(3); *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993).

[7] *Miller v. State*, 2008 WL 623236, at *2 (Del. Mar. 7, 2008) (citing *United States v. MacCollom*, 426 U.S. 317, 325-26 (1976)).

[8] *Id.*

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Randy J. Holland*
Justice